# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:10CR0027(1) |
| Plaintiff, | : | |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| ROGER D. SHERROCK, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case came on for hearing on April 28, 2010. The United States was represented by Assistant United States Attorney William F. Schenck, Esq., and Defendant was represented by Cheryll A. Bennett, Esq.

The parties have entered into a plea agreement, which has been filed of record. The undersigned carefully inquired of Defendant regarding his understanding of the agreement as well as his competence to understand the agreement. Having fully inquired, the undersigned Judicial Officer finds that Defendant's tendered plea of guilty to Counts

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Four and Five of the Indictment is knowing, intelligent, and voluntary. Based on the statement of facts as set forth in the plea colloquy the undersigned finds that there is a sufficient factual basis for a finding of guilt as to Counts Four and Five of the Indictment.

It is accordingly recommended that the Court accept the plea of guilty to Counts Four and Five of the Indictment and find Defendant guilty as charged in such Counts of Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. § §841(a)(1) and (b)(1)(C) and Felon In Possession of a Firearm in violation of 18 U.S.C.§§922(g)(1) and 924(a)(2) .

Pending the Court's acceptance of Defendant's plea, Defendant has been referred to the Probation Department for a pre-sentence investigation and he was remanded to the custody of the United States Marshal.

April 29, 2010

              s/ Sharon L. Ovington
              Sharon L. Ovington
           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).